## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RASHAWNDA L. THOMPSON | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:25-cv-2204 |
| MONTGOMERY COUNTY, MARYLAND, ET AL | * | |
| | * | |
| Defendant(s) | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM

Plaintiff RaShawnda L. Thompson, by and through undersigned counsel, respectfully moves this Court pursuant to Local Rule 105.2(a) for leave to file (1) a Supplemental Memorandum in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss, attached hereto as **Exhibit A**, and (2) an Index of Authorities, attached hereto as **Exhibit B**. In support of this Motion, Plaintiff states as follows:

1.      This Court has scheduled a hearing on Defendants' Motion to Dismiss (ECF 5) for February 17, 2026. Plaintiff submits this proposed Supplemental Memorandum and Index of Authorities to preview the arguments Plaintiff intends to present at oral argument and to provide the Court with written authorities in advance of the hearing.

2.      Defendants' Memorandum of Law argues that Montgomery County is entitled to "governmental immunity" from Plaintiff's state tort claims. ECF 5-2 at 16–18. At oral argument, Plaintiff intends to address this defense and to

1

demonstrate that, as a threshold matter, Montgomery County—as a political subdivision—categorically lacks Eleventh Amendment sovereign immunity under controlling Supreme Court and Fourth Circuit authority. The proposed Supplemental Memorandum analyzes this dispositive question, including *Lincoln County v. Luning*, 133 U.S. 529 (1890); *Northern Insurance Co. of New York v. Chatham County*, 547 U.S. 189 (2006); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); and *Ram Ditta v. Maryland-National Capital Park & Planning Commission*, 822 F.2d 456 (4th Cir. 1987), and distinguishes Defendants' reliance on state-law governmental immunity from the separate and antecedent question of federal sovereign immunity.

3. Defendants' Memorandum further argues that Plaintiff's hostile work environment claim fails because her allegations do not meet the "severe or pervasive" standard under Title VII. ECF 5-2 at 11–13. At oral argument, Plaintiff intends to address state and local statutory provisions that bear directly on this analysis. Specifically:

a. The Maryland Fair Employment Practices Act, as amended by S.B. 450 (effective October 1, 2022), eliminated the "severe or pervasive" standard for harassment claims under Maryland law and replaced it with a "totality of the circumstances" standard. Md. Code, State Gov't § 20-601(d), (k). This standard

applies to harassment claims based on national origin and governs the state-law claims over which this Court exercises supplemental jurisdiction.

b.      The Montgomery County Human Rights Law, as amended by Bill 14-20 (effective January 15, 2021), adopted an even lower threshold than state law, defining actionable harassment as conduct that "a reasonable victim of discrimination would consider to be more than a petty slight, trivial inconvenience, or minor annoyance." Montgomery County Code § 27-19(a)(2)(B). Notably, this standard was enacted by Montgomery County's own Council—the legislative body of the Defendant in this action—expressly rejecting the "severe or pervasive" standard on which Defendants' Motion relies.

4.      The proposed Supplemental Memorandum also addresses Plaintiff's § 1983 equal protection claim (Count IV), which Defendants seek to dismiss on the same grounds as the Title VII claims. ECF 5-2 at 14–16. The "severe or pervasive" standard is a Title VII construct that does not govern the independent constitutional analysis applicable to equal protection claims brought under § 1983. The proposed memorandum develops this distinction and its significance to the Court's plausibility analysis.

5.      Defendants' Memorandum further argues that Montgomery County is entitled to governmental immunity from Plaintiff's state tort claims because the Crisis Stabilization Room performs a governmental function. ECF 5-2 at 16–18. Defendants' Reply contends that Plaintiff failed to respond to this argument. ECF 7

3

at 8. At oral argument, Plaintiff intends to address this defense directly. Plaintiff does not dispute that the Crisis Stabilization Room serves a governmental function. However, Maryland law recognizes that governmental immunity does not shield a local government or its employees from liability for intentional tortious conduct committed with malice or gross negligence. *Lee v. Cline*, 384 Md. 245, 258 (2004); *DiPino v. Davis*, 354 Md. 18, 47–48 (1999). Plaintiff's Complaint alleges that Defendant Hill acted intentionally, with malice, and with knowledge of the falsity of her statements. ECF 1 at ¶¶ 116, 124. The proposed Supplemental Memorandum develops this argument and its application to Plaintiff's intentional infliction of emotional distress claim (Count V).

6.      Good cause exists for this filing. The proposed memorandum previews arguments Plaintiff intends to present at oral argument and provides the Court with written authorities supporting those arguments in advance of the hearing. The proposed Index of Authorities is a one-page reference document organizing cases by issue to assist the Court during oral argument.

7.      Defendants will suffer no prejudice. The supplemental memorandum is being filed in advance of the hearing to afford Defendants the opportunity to review Plaintiff's authorities and respond at oral argument. The questions presented are purely legal, and the statutory provisions cited are matters of public law of which the Court may take judicial notice. Plaintiff recognizes that this filing is made within two business days of the scheduled hearing and respectfully requests that

4

the Court exercise its discretion to consider the memorandum in the interest of a complete record and judicial economy.

8.      Plaintiff further represents that she intends to seek leave to amend her Complaint to add claims under the Maryland Fair Employment Practices Act and the Montgomery County Human Rights Law. Plaintiff respectfully requests that the Court consider the full scope of the applicable legal standards in evaluating whether dismissal of any count with prejudice would be appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant leave to file the Supplemental Memorandum (Exhibit A) and Index of Authorities (Exhibit B) attached hereto.

Dated: 2/16/2026                                  Respectfully Submitted,

                                                  QUINN PATTON, LC

                                                  /s/ Donald Quinn
                                                  Donald Quinn, Fed. Bar No. 22324
                                                  846 Ritchie Highway, Suite 2A
                                                  Severna Park, Maryland 21146
                                                  (443) 247-5444
                                                  donquinn@quinnpatton.com
                                                  *Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify, on this 16th day of February 2026, the foregoing was served by CM/ECF to all CMF users.

/s/ Donald Quinn

Donald G. Quinn